IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| GABRIELA ARELLANO,<br><br>   Plaintiff,<br><br>v.<br><br>DENIS McDONOUGH, in his official capacity as Secretary of Veterans Affairs, and THE UNITED STATES DEPARTMENT OF VERTERANS AFFAIRS,<br><br>   Defendants. | MEMORANDUM DECISION AND ORDER GRANTING IN PART, FINDING MOOT IN PART, AND DENYING IN PART MOTION TO DISMISS<br><br>Case No. 2:24-cv-00017-JNP-DAO<br><br>District Judge Jill N. Parrish |

Plaintiff Gabriela Arellano sued defendants Denis McDonough, in his official capacity as Secretary of Veterans Affairs, and the United States Department of Veterans Affairs (collectively, defendants), asserting a number of claims related to the termination of her employment with the Department of Veterans Affairs (VA). Before the court is the defendants' motion to dismiss Arellano's action. ECF No. 14. Arellano concedes that most of her causes of action should be dismissed. But the parties dispute whether the court should dismiss her claims for disability discrimination and for retaliation brought under the Rehabilitation Act due to Arellano's alleged failure to exhaust her administrative remedies.

The court GRANTS IN PART, FINDS MOOT IN PART, and DENIES IN PART the motion to dismiss. The court grants the motion to the extent that the defendants seek dismissal of Arellano's claim asserted under the Career Service Reform Act (CSRA). The court finds the portion of the motion seeking dismissal of the Utah-law claims to be moot because Arellano

voluntarily dismissed them. Finally, the court denies the motion to the extent that the defendants seek dismissal of the Rehabilitation Act disability discrimination and retaliation claims.

## BACKGROUND

### A. *Administrative Procedures for Rehabilitation Act Claims*

A federal employee asserting a claim for disability discrimination or retaliation under the Rehabilitation Act must exhaust administrative remedies before filing a lawsuit. *Hickey v. Brennan*, 969 F.3d 1113, 1118 (10th Cir. 2020). If a federal employee wishes to pursue a claim for unlawful discrimination in conjunction with a challenge to an adverse employment action, the employee must choose between two administrative paths. 29 C.F.R. § 1614.302(b); *Coffman v. Glickman*, 328 F.3d 619, 622 (10th Cir. 2003).

The first path involves filing a "mixed case appeal" with the Merit Systems Protection Board (MSPB) within 30 days of the challenged employment decision or within 30 days of the effective date of that decision, whichever occurs later. 29 C.F.R. § 1614.302(a)–(b); 5 C.F.R. § 1201.22(b)(1). After the MSPB issues a final decision on the appeal, the employee may file an action in district court within 30 days of receiving that decision. 5 C.F.R. § 1201.157.

The second path involves initiating a "mixed case complaint" with the employing federal agency. *See* 29 CFR § 1614.302(a)–(b). Before filing a mixed case complaint, the employee must contact an Equal Employment Opportunity counselor (EEO counselor) within 45 days of the effective date of the adverse employment action. 29 C.F.R. § 1614.105(a). After completing certain precomplaint procedures with the EEO counselor, the employee may then file a formal mixed case complaint with the employing agency. 29 C.F.R. §§ 1614.105, 1614.106(a)–(b). After the employing agency issues a final decision on the mixed case complaint, the employee has the option of filing a civil action within 30 days of receipt of the decision. 29 C.F.R. § 1614.310.

These two paths are mutually exclusive. The employing agency must inform an employee who is subject to an adverse employment action that "he or she may not initially file both a mixed case complaint and an appeal on the same matter and that whichever is filed first shall be considered an election to proceed in that forum." 29 C.F.R. § 1614.302(b); *accord Harms v. I.R.S.*, 321 F.3d 1001, 1005 (10th Cir. 2003) ("A mixed case complaint and mixed case appeal . . . cannot be pursued simultaneously."). The regulations governing these administrative remedies provide procedures designed to reduce any conflict between these two alternate paths while preserving the employee's right to a final decision on his or her claims. For example, "[i]f a person files a mixed case appeal with the MSPB instead of a mixed case complaint and the MSPB dismisses the appeal for jurisdictional reasons, the agency shall promptly notify the individual in writing of the right to contact an EEO counselor within 45 days of receipt of this notice and to file an EEO complaint" with the employing agency. 29 C.F.R. § 1614.302(b). Moreover, the employing agency can dismiss a mixed case complaint if the agency determines that the employee had made a prior election to proceed in a mixed case appeal before the MSPB. 29 C.F.R. § 1614.302(c). Upon dismissal, the agency "shall advise the complainant that he or she must bring the allegations of discrimination contained in the rejected complaint to the attention of the MSPB." 29 C.F.R. § 1614.302(c)(2)(i).

B.  *Factual and Procedural Background*[1]

Arellano worked as a Legal Administrative Specialist for the Veterans Benefits Administration Regional Office in Salt Lake City. While employed by the VA, Arellano developed a medical condition that required her to use the bathroom every two hours. On February 17, 2023, the VA delivered a memorandum to Arellano informing her that she would be terminated effective February 24, 2023 for "unacceptable performance" of her job duties. The memorandum informed Arellano of her options for seeking review of the VA's termination decision, including filing a mixed case appeal with the MSPB within 30 days of the separation or initiating the process of filing a mixed case complaint by contacting the VA's Office of Resolution Management (ORM) within 45 days of the effective date of her termination. The memorandum also stated: "Whichever option you may choose to pursue regarding this action . . . shall be considered an election by you to proceed under that appeal process."

Believing that her termination was due to disability discrimination and retaliation because she required frequent bathroom breaks, Arellano decided to pursue her administrative remedies. On March 30, 2023—34 days after the effective date of Arellano's termination—she filed an untimely mixed case appeal with the MSPB. The next day, March 31, 2023, Arellano initiated the process of filing a mixed case complaint by contacting the VA's ORM within the 45-day time limit. After starting the mixed case complaint process, Arellano effectively abandoned her mixed case

---

[1] The court recites the facts of this case based on the allegations of the complaint and filings made in the administrative proceedings. *See Hodgson v. Farmington City*, 675 F. App'x 838, 840–41 (10th Cir. 2017) (unpublished) (holding that courts may consider records from a related administrative proceeding without converting a motion to dismiss to a motion for summary judgment); *Amann v. Off. of Utah Att'y Gen.*, No. 2:18-cv-00341-JNP-DAO, 2021 WL 3931390, at *9 n.7 (D. Utah Sept. 2, 2021) (taking judicial notice of an EEOC charge filed in an administrative proceeding).

4

appeal with the MSPB. On April 5, 2023, the MSPB issued an order observing that Arellano's appeal was late and ordering her to file any evidence or argument supporting the existence of good cause to accept the untimely appeal. Arellano did not respond to the order, and on April 28, 2023, the MSPB issued a final order dismissing the appeal as untimely.

Meanwhile, Arellano continued to pursue her timely mixed case complaint. Arellano engaged in the mandatory informal counselling process with her designated EEO counselor, including by participating in a mediation with a representative of the VA. On June 28, 2023, the EEO counselor notified Arellano that the informal process had concluded and that she could file a formal mixed case complaint within 15 days. On July 11, 2023, she filed her formal complaint. On December 8, 2023, the VA issued its final agency decision on the complaint and notified Arellano that she had 30 days to file a lawsuit.

Arellano sued the defendants in this court on January 6, 2024, asserting seven causes of action. First, she asserted claims for disability discrimination and unlawful retaliation under the Rehabilitation Act.[2] In addition, Arellano asserted claims for disability discrimination and retaliation under Utah statutory law, as well as common law claims for negligence and intentional infliction of emotional distress. Finally, she claimed that the defendants had violated her protected employment rights described in the CSRA. The defendants moved to dismiss all of these claims.

---

[2] In her complaint, Arellano asserts her disability discrimination and retaliation claims under both the Rehabilitation Act and the Americans with Disabilities Act (ADA). But Arellano voluntarily dismissed the ADA portion of these claims, likely because the ADA does not apply to federal employers. *See* 42 U.S.C. § 12111(5)(B)(i).

**LEGAL STANDARD**

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a court may dismiss a complaint if it fails "to state a claim upon which relief can be granted." "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). When considering a motion to dismiss for failure to state a claim, a court "accept[s] as true all well-pleaded factual allegations in the complaint and view[s] them in the light most favorable to the plaintiff." *Burnett v. Mortg. Elec. Registration Sys., Inc.*, 706 F.3d 1231, 1235 (10th Cir. 2013).

**ANALYSIS**

**I.      THE REHABILITATION ACT CLAIMS**

The defendants argue that the court should dismiss Arellano's discrimination and retaliation claims brought under the Rehabilitation Act because she failed to seek timely judicial review. They maintain that by filing a mixed case appeal before the MSPB, Arellano elected to pursue that administrative path, rendering the proceedings associated with her mixed case complaint "a legal nullity." The defendants contend, therefore, that the only effective final order issued in the administrative proceedings was the MSPB's April 28, 2023 order dismissing the mixed case appeal as untimely. Because Arellano filed this action well beyond the 30-day window to initiate an action under the Rehabilitation Act, the argument goes, the court should dismiss these claims as untimely.

The court disagrees with the defendants' administrative exhaustion argument for two reasons.

   A.  *Arellano's Election Was Not Irrevocable*

Under the regulations governing the administrative remedies for federal workers, Arellano's choice to file the untimely mixed case appeal before filing a mixed case complaint

6

constituted an election to pursue her claims before the MSPB. 29 C.F.R. § 1614.302(b) ("The [employee] shall be advised that he or she may not initially file both a mixed case complaint and an appeal on the same matter and that whichever is filed first shall be considered an election to proceed in that forum."). The defendants take this clear rule one step further. They argue that this election was irrevocable, voiding the mixed case complaint proceedings. Under this theory, Arellano's first attempt to pursue her administrative remedies by filing a mixed case appeal after the deadline to do so had passed constituted a fatal procedural misstep from which she could never recover. Potentially unable to exhaust her administrative remedies through an appeal to the MSPB due to the tardiness of her filing,[3] the defendants contend that Arellano was also permanently barred from exhausting her remedies through a mixed case complaint due to her prior election.

      The defendants rely on two out-of-circuit opinions to support their argument. First, in *Punch v. Bridenstine*, 945 F.3d 322 (5th Cir. 2019), the Fifth Circuit addressed a case where a federal employee simultaneously pursued both a mixed case appeal and a mixed case complaint. In *Punch*, the employee filed a timely mixed case appeal and pursued that process until the MSPB issued a decision on the merits affirming the federal employer's termination decision. *Id.* at 325–26. The employee then appealed from the MSPB's determination to the Federal Circuit. *Id.* at 326. Meanwhile, three months after the employee filed her mixed case appeal, she also filed a formal mixed case complaint with her employing agency. *Id.* The employing agency declined to address the termination decision due to her appeal pending before the MSPB. *Id.* But the agency considered the employee's pretermination allegations of discrimination and issued a decision on the merits

---

[3] The MSPB must dismiss an untimely mixed case appeal unless the employee shows "a good reason for the delay." 5 C.F.R. § 1201.22(c). The parties do not put forth any reason why Arellano's delay would have been excused by the MSPB.

7

finding no discrimination. *Id.* The employee later filed a lawsuit in district court based on her purported exhaustion of administrative remedies through the mixed case complaint proceedings. *Id.* The district court dismissed the action, ruling that the employee's election to proceed before the MSPB and subsequent appeal to the Federal Circuit barred her lawsuit in district court. *Id.* at 328. The Fifth Circuit affirmed, holding that an employee's election to proceed before the MSPB is irrevocable and requires the employee to exhaust administrative remedies in that forum. *Id.* In other words, once an employee chooses an administrative path, he or she must "follow that road to the end. There are no U-turns." *Id.* at 329.

The defendants also rely on a First Circuit opinion, *Stoll v. Principi*, 449 F.3d 263 (1st Cir. 2006). In *Stoll*, the employee filed a mixed case appeal and pursued her claims before the MSPB. *Id*. at 264–65. Later, the employee filed a mixed case complaint and pursued her claims in that forum as well. *Id.* at 265. The employing agency dismissed the mixed case complaint, and the employee filed a lawsuit based on the purported exhaustion of her remedies through this second administrative proceeding. *Id.* The First Circuit affirmed the district court's dismissal of the lawsuit, reasoning that the filing of the mixed case appeal represented "the point of no return" and that the mixed case complaint "was a nullity." *Id.* at 266. Because the employee could not exhaust her remedies through the mixed case complaint process, and because she "jumped the gun" by filing her lawsuit nine months before the MSPB had issued a final decision in the mixed case appeal, the *Stoll* court held that the employee had not exhausted her administrative remedies *before* filing suit. *Id.* at 266–67.

Not all courts, however, have adopted a strict irrevocable election rule. Specifically, courts that have examined cases where the employee did not pursue the first-selected administrative path to a final determination on the merits have held that the employee's initial election may be revoked.

For example, the District Court for the Northern District of California ruled on a motion to dismiss for failure to exhaust administrative remedies that involved facts similar to this case. In *Kornman v. Baker*, 686 F. Supp. 812, 813 (N.D. Cal. 1988), a federal employee initially filed an appeal to the MSPB. She later initiated a mixed case complaint and withdrew her appeal before the MSPB before that body had conducted a hearing on the merits. *Id.* at 813–14. The employing agency later canceled her complaint on the grounds that the employee had irrevocably selected the MSPB as the forum to pursue her administrative remedies. *Id.* at 813. The employee then filed a lawsuit in district court. *Id.* The employing agency moved to dismiss, arguing that the employee's initial election to pursue an appeal before the MSPB was binding and that her failure to pursue that path to the end constituted a failure to exhaust her administrative remedies. *Id.* at 814. The district court denied the motion to dismiss, ruling that the employee's initial election was not binding for two reasons. *Id.* First, the *Kornman* court noted that the regulations governing an employee's election between the two available administrative paths were "designed to prevent simultaneous processing of discrimination claims before the MSPB and the employer agency." *Id.*; *accord Harms v. I.R.S.*, 321 F.3d 1001, 1005 (10th Cir. 2003) ("A mixed case complaint and mixed case appeal . . . cannot be pursued simultaneously."). These regulations do not require an election to be irrevocable where the employee abandons the first-selected forum before a hearing on the merits. *Kornman*, 686 F. Supp. at 814. Second, the *Kornman* court reasoned that administrative procedures for enforcing worker protections enacted by Congress "should not be applied in such a manner that they become traps for the unwary." *Id.* Thus, where an employee makes a good faith effort to navigate complicated administrative procedures, courts should not adopt overly technical interpretations of those procedures in a manner that denies employees the right to have their claims heard. *Id.* at 814–15.

Other courts have agreed that an initial election is not binding if the employee does not pursue the first-selected administrative path to a merits determination. The Sixth Circuit, for example held that while the first-filed appeal or complaint is "[g]enerally . . . considered to be an election to proceed in that forum," this rule is not absolute. *Bailey v. Henderson*, No. 99-4082, 2000 WL 1434634, at *4 (6th Cir. 2000) (unpublished). Thus, it reasoned:

> Although the agency complaint was filed first in this case, plaintiff chose not to prosecute the EEO complaint and his discrimination claims were heard by the MSPB. This must be deemed to result in an election to proceed with the MSPB mixed case appeal, rather than with the agency complaint.

*Id.*; *see also Ramey v. Ashcroft*, No. 4:04 CV 01797, 2005 WL 1637868, at *3 (N.D. Ohio July 12, 2005) ("An initial filing of a mixed case in one forum does not always mandate an election of that forum; how far a mixed case has proceeded and whether a particular forum has considered the merits of an individual claim also determine an individual's election.").

This court is persuaded by *Kornman* and other cases finding that an initial election of a forum can be revoked in certain situations. Although *Punch* and *Stoll* unequivocally state that an initial election is irrevocable, these holdings were announced in cases where the employee fully litigated his or her claims in both the first forum—a mixed case appeal before the MSPB—and in the second forum—a mixed case complaint before the employing agency. Where the employee chooses to fully pursue both administrative paths simultaneously, it makes sense to hold the employee to his or her first choice in order to avoid the procedural uncertainty and confusion caused by the litigation of claims in multiple forums. Such a rule eliminates any incentive to seek multiple bites at the apple while preserving the employee's right to seek relief in court after a final adjudication in the first-selected administrative path.

Case 2:24-cv-00017-JNP-DAO Document 24 Filed 03/12/25 PageID.387 Page 11 of 15

But adhering to the irrevocability of an election in situations where the employee has dismissed or abandoned the proceedings before a merits determination in the first-selected forum in favor of a second forum does not advance the purpose of the forum selection rule. The employee does not obtain the benefit of, and the employer is not burdened by, two independent administrative proceedings. Moreover, applying an irrevocable election rule in this procedural scenario sets a procedural trap for the unwary that that would eliminate the employee's right to seek relief from alleged discrimination. The employee could not exhaust his or her remedies through the first-selected path for failure to obtain a final decision on the merits, and the proceedings under the second-selected path would be rendered null and void. In this case, for example, adherence to a strict irrevocable selection rule would mean that Arellano effectively lost her case before it even began. The act of filing an untimely mixed case appeal likely prevented her from obtaining a merits decision under this path. And Arellano's exhaustion of her remedies through her mixed case complaint would be deemed a nullity.

The court rejects such a manifestly unjust outcome and concludes that under the facts of this case, Arellano's initial election was not irrevocable. It is clear that Arellano abandoned her untimely mixed case complaint almost immediately, likely because she realized her mistake in filing late. Thus, the court finds that Arellano revoked her initial election to proceed by way of a mixed case appeal by abandoning her tardy filing before any substantive proceedings before the MSPB. Because Arellano initiated a timely mixed case complaint, pursued it to a final determination, and filed this lawsuit within 30 days, she properly exhausted her administrative remedies. Accordingly, the court denies the defendants' motion to dismiss the Rehabilitation Act claims for failure to exhaust administrative remedies.

11

B.   *The Defendants Have Not Disproven Arellano's Waiver Defense*

Regardless of whether Arellano properly exhausted her administrative remedies by revoking her initial election to proceed by way of a mixed case appeal, the court may not dismiss the Rehabilitation Act claims for a second reason. The defendants have not shown that they should prevail on their administrative exhaustion defense at this stage of the litigation.

The "regulatory exhaustion requirement is not a jurisdictional prerequisite for suit but is a claims-processing rule that the employer may raise as an affirmative defense." *Hickey v. Brennan*, 969 F.3d 1113, 1118 (10th Cir. 2020). "It is accordingly subject to the same waiver and estoppel principles that govern other affirmative defenses." *Id.* Plaintiffs are not required to plead facts proving exhaustion, and defendants are entitled to dismissal only if their exhaustion defense can be established on the face of the complaint. *Jones v. Bock*, 549 U.S. 199, 215–16 (2007); *Cirocco v. McMahon*, 768 F. App'x 854, 858 (10th Cir. 2019) (unpublished). Arellano contests dismissal of her Rehabilitation Act claims, arguing that any technical failure to exhaust administrative remedies should be excused under the doctrines of waiver, estoppel, and equitable tolling. Thus, in order to prove their exhaustion defense in a motion to dismiss, the defendants must disprove Arellano's equitable defenses based solely on the allegations of the complaint and the documents filed in the administrative proceedings.

The defendants have not conclusively shown that the doctrine of waiver cannot be applied in this case. "Waiver . . . 'is the intentional relinquishment or abandonment of a known right.'" *Morgan v. Sundance, Inc.*, 596 U.S. 411, 417 (2022) (citation omitted). "To decide whether a waiver has occurred, the court focuses on the actions of the person who held the right . . . ." *Id.* Arellano argues that the defendants abandoned a known right by participating in both the informal and formal mixed case complaint process without ever arguing that those proceedings were invalid

12

due to a prior election or moving to dismiss the mixed case complaint. *See* 29 C.F.R. § 1614.302(c) (describing procedures for dismissing a mixed case complaint due to a prior election). Arellano contends that the defendants, through their inaction, waived their right to demand that she pursue her administrative remedies before the MSPB rather than before the VA.

The defendants argue that they did not waive their right to assert their defense that Arellano failed to file her lawsuit within 30 days of the MSPB's final order because they did not have an opportunity to raise this issue until they answered the complaint. But this argument misunderstands Arellano's waiver defense. The main thrust of Arellano's defense is that the defendants waived their right to enforce her prior election to pursue her administrative remedies before the MSPB by failing to raise this issue during the mixed case complaint proceedings. Thus, Arellano argues that the waiver occurred during those administrative proceedings, prior to the filing of this action. Because the defendants have failed to conclusively disprove this theory of waiver, the court may not dismiss the Rehabilitation Act claims for failure to exhaust.

## II. THE UTAH-LAW CLAIMS

The defendants argued that the court should dismiss Arellano's Utah statutory claims for disability discrimination and retaliation because they are preempted by the Rehabilitation Act. They also asserted that the tort claims for negligence and intentional infliction of emotional distress should be dismissed because Arellano failed to adhere to the claim process required by the Federal Tort Claims Act. In her response brief, Arellano stated that she voluntarily dismissed each of these claims. The court interprets this statement as a notice of partial dismissal before the opposing party serves an answer to the complaint or a motion for summary judgment. *See* FED. R. CIV. P. 41(a)(1)(A). Because Arellano has voluntarily dismissed these claims, the defendants' motion to dismiss is moot to the extent that it addresses the above-mentioned Utah-law claims.

### III.     THE CSRA CLAIM

Arellano asserted a claim for violations of the employee protections codified in the CSRA. The defendants argue that the court should dismiss this claim because the conditions for judicial review have not been satisfied. The court agrees.

Under 5 U.S.C. § 2302(b), federal employers are prohibited from discriminating against employees "on the basis of handicapping condition" and from taking other adverse actions. But Congress did not authorize employees to directly enforce this provision of the CSRA. Instead, the Office of Special Counsel (OSC) investigates claims that this statutory provision has been violated. 5 U.S.C. § 1214(a)(1)(A); *Schrachta v. Curtis*, 752 F.2d 1257, 1259 (7th Cir. 1985). If the OSC finds the claim to be meritorious, it may recommend corrective actions to the employing agency and may petition the MSPB for corrective action if the agency does not adequately address the violation. 5 U.S.C. § 1214(b)(2)(B)–(C). An employee adversely affected by a final decision of the MSPB may then seek judicial review. 5 U.S.C. § 1214(c)(1). Courts may not address alleged violations of the protections outlined in § 2302(b) unless this administrative process is followed and results in an adverse decision by the MSPB. *See Hyde v. Off. of Special Couns.*, No. 94-1406, 1995 WL 238340, at *1–*2 (10th Cir. 1995) (unpublished) (holding that federal court review was unavailable where the OSC resolved a complaint brought under § 1214(b) aversely to the employee); *Miller v. US Dep't of Navy*, No. 14-cv-00944-RBJ, 2014 WL 3632130, at *3 (D. Colo. July 23, 2014) (collecting cases holding that no private right of action exists outside of "the comprehensive remedial regime outlined in the CSRA").

Arellano does not allege that she ever submitted a complaint to the OSC or that the OSC ever petitioned the MSPB for relief. The defendants argue, therefore, that the key condition for judicial review—an adverse MSPB decision—has not been satisfied. Arellano did not respond to

14

this argument. The court agrees with the defendants. Absent any evidence or allegation that the MSPB has issued a decision related to Arellano's CSRA claim, the court may not address this issue. Arellano's CSRA claim is dismissed.

## CONCLUSION

For the above-stated reasons, the court grants the defendants' motion to dismiss to the extent it seeks dismissal of the CSRA claim. The court finds the motion to be moot to the extent that it seeks dismissal of the Utah-law causes of action because Arellano has voluntarily dismissed these claims. Finally, the court denies the motion to dismiss to the extent that it seeks dismissal of the Rehabilitation Act claims.

DATED March 12, 2025.

BY THE COURT

_____
Jill N. Parrish
United States District Court Judge